IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA   RECEIVED
EASTERN DIVISION

ELIZABETH LANEY,                        *
                                        *        2010 MAY -5  P 12: 53
                                        *
    Plaintiff,                          *        DEBRA P. HACKETT. CLK
                                        *           U.S. DISTRICT COURT
                                        *          MIDDLE DISTRICT ALA
v.                                      *        Case Number:
                                        *
VANDERBILT MORTGAGE                     *        3:10CV389-wha
AND FINANCE, INC., *et al.,*            *
                                        *
    Defendants.                         *

## NOTICE OF REMOVAL

**COMES NOW** Vanderbilt Mortgage and Finance, Inc. (hereinafter referred to as "Vanderbilt"), one of the defendants in the above-styled action, by and through counsel, pursuant to 28 U.S.C. §§ 1332(a), 1367, 1441, and 1446, and with a full reservation of all rights, claims, demands, defenses, and objections, which include but are not limited to any and all rights of and to arbitration, any and all affirmatives defenses set forth in Rule 12 of the Federal Rules of Civil Procedure, including, but not limited to lack of personal jurisdiction, improper venue, failure to state a claim upon which relief can be granted, etc., together with any and all other rights, claims, demands, defenses, and objections of defendants, files this Notice of Removal and in support of the removal respectfully represents as follows:

### I.      Grounds for Removal

1.      Elizabeth Laney (hereinafter referred to as "Plaintiff") commenced the above styled action on the 8th day of April 2010, by filing the Summons and Complaint.

2.      Removal of this action is timely, being within 30 days after receipt and/or notice, through service or otherwise, by any of the named defendants of a copy of the Complaint.  28 U.S.C. § 1446(b).

1

3.     A complete copy of the Clerk's file is attached hereto as Exhibit "A."

4.     The only other defendants in this civil action are fictitious parties.[1]

5.     The District Court of the United States has original jurisdiction over this action based on 28 U.S.C. § 1332(a) and/or supplemental jurisdiction based on 28 U.S.C. § 1367.

6.     The United States District Court for the Middle District of Alabama, Eastern Division, is the federal judicial district and division embracing the Circuit Court of Tallapoosa County, where the suit was originally filed.  For the purpose of removal only, venue is proper under 28 U.S.C. § 1441(a).

7.     Vanderbilt will provide Plaintiff, by and through counsel, written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).  Further, Vanderbilt will cause a copy of this Notice of Removal to be filed with the Clerk of the Circuit Court of Tallapoosa County, Alexander City Division Alabama, where the action was pending.

8.     The proper filing fee has been tendered to the Clerk of the United States District Court for the Middle District of Alabama, Eastern Division.

9.     In further support of this pleading, Vanderbilt has attached hereto as Exhibit "B" the Affidavit of Missi Weemes for Vanderbilt (hereinafter referred to as "Weemes" Affidavit) and the Mortgage Deed signed the 3rd day of December, 2005 by Elizabeth Laney (hereinafter referred to as the "Mortgage Deed"), a true and correct copy of which is attached hereto as Exhibit "C" and made a part hereof by reference.  The Mortgage Deed in the amount of Seventy-Seven Thousand, Seven Hundred Three and No/100 ($77,703.00) Dollars was given to secure payment of an indebtedness of Austin A. Hill and Emma Hill, as evidenced by a Retail Installment Contract–Security Agreement in the like amount of Seventy-Seven Thousand, Seven

---

[1]     For purposes of removal, the citizenship of defendants sued under fictitious names is disregarded.  28 U.S.C. § 1441(a).

2

Hundred Three and No/100 ($77,703.00) Dollars.   A true and correct coy of the Retail

Installment Contract–Security Agreement is also attached hereto as Exhibit "D" and made a part

hereof by reference.

## II.   Diversity Jurisdiction

10.     This case is properly removable pursuant to 28 U.S.C. § 1441, which provides, in

pertinent part, as follows:

> (a)     Except as otherwise expressly provided by Act of Congress, any
> civil action brought in a State court of which the district courts of the United
> States have original jurisdiction, may be removed by the defendant or the
> defendants, to the District Court of The United States for the district and division
> embracing the place where such action is pending.  For purposes of removal under
> this chapter, the citizenship of defendants sued under fictitious names shall be
> disregarded.

> (b)     Any civil action of which the district courts have original
> jurisdiction founded on a claim or right arising under the Constitution, treaties, or
> laws of the United States shall be removable without regard to the citizenship or
> residence of the parties.  Any other such action shall be removable only if none of
> the parties in interest properly joined and served as defendants is a citizen of the
> State in which such action is brought.

11.     This action is properly removable under 28 U.S.C. § 1441(a) as the United States

District Court has original jurisdiction of the case under 28 U.S.C. § 1332(a), as amended, which

provides, in pertinent part, as follows:

> (a)     The district courts shall have original jurisdiction of all civil actions
> where the matter in controversy exceeds the sum or value of $75,000, exclusive of
> interest and cost, and is between - -

> > (1)     Citizens of different states; . . .

12.     This Court has diversity jurisdiction over this action because there is complete

diversity of citizenship between Plaintiff on one hand and defendant, Vanderbilt, on the other,

and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. (Complaint, ¶¶ 7, 13).

13.     Plaintiff is a domiciled resident and citizen of the State of Alabama both at the time of the filing of the Complaint and at the time of removal. (Compliant, ¶1).

14.     At the time of the filing of the Complaint and at the time of the filing of this removal petition, Vanderbilt is a Tennessee corporation with its principal place of business in Maryville, Tennessee.   (Complaint, ¶¶ 2; Ex. B, ¶¶, 1, 2).   Accordingly, for purposes of determining the existence of diversity jurisdiction, Vanderbilt is a citizen of Tennessee.   See 28 U.S.C. § 1332(c)(1).

### III.     Amount In Controversy

15.     The amount in controversy exceeds $75,000.00,[2] exclusive of interest and costs. (Complaint, ¶¶ 7, 13; Ex. B, ¶ 3; Exs. C and D).

16.     The Complaint asserts that the Plaintiff "did not wish to sign a mortgage and knows that she did not sign any mortgage documents with Defendant", and seeks a judgment against the defendants for "fraudulent actions", "negligent actions" and "conversion of Plaintiff's property". (Complaint, ¶ 8, Counts One, Three and Four, *ad damnum* clauses to said counts).

17.     The Complaint claims an unspecified amount of damages.   The amount-in-controversy requirement for federal jurisdiction may be satisfied by a demand for damages if it is possible under state law for a jury to award the jurisdictional amount. *Ryan v. State Farm Mut.*

---

2       When an amount in controversy above the jurisdictional requirement appears on the face of the complaint, there is a strong presumption that federal jurisdiction is proper. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 290-93 (1938).   Due to the fact that there has not been an express limitation of all claims to an amount below $75,000.00, the "legal certainty" requirement imposed by *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092 (11th Cir. 1994), does not apply to this case.   At best, the Complaint claims "unspecified" damages.   In a case where the damages are unspecified and not expressly limited to an amount below the jurisdictional threshold, the removing defendant must demonstrate the amount in controversy by a preponderance of the evidence. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *rev'd on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000).

*Automobile Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991).  Unlike the Complaint filed in *Burns v. Windsor Ins. Co.,* 31 F.3d 1092 (11th Cir. 1994), in this case there has not been an imposed cap on the damages claim.

18.     Removal is proper if it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001).  In this case, the amount in controversy is facially apparent from the Complaint as the Plaintiff has alleged negligence, fraud and conversion of property related to "a mortgage agreement executed against Plaintiff's Coley Creek property to secure the payment of indebtedness in the amount of seventy-seven thousand, seven-hundred three and 00/100 dollars ($77,703.00)" and that the "mortgage agreement purports to show Plaintiff's signature" which the Plaintiff denies is her signature as she did not "sign any mortgage documents with Defendant."  (Complaint, ¶¶7, 8, 13, Counts One, Three and Four; see also Weemes Affidavit, Ex. B, Exs. C and D).

19.     In determining the amount in controversy based on a claim for unspecified damages, defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Williams v. Best Buy Co.,* 269 F.3d at 1319.  Where a plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer. *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1356-57 (11th Cir. 1996); *see also Gafford v. General Elec. Co.,* 997 F.2d 150, 160 (6th Cir. 1993).

20.     "[T]he removing defendant must establish the amount in controversy by '[t]he greater weight of the evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial

mind to one side of the issue rather than the other." *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1209 (11th Cir. 2007) (quoting *Black's Law Dictionary* 1220 (8th ed. 2004)), *cert. denied,* 128 S.Ct. 2877, 171 L.Ed. 2d 812 (2008).[3] "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Lowery,,* 483 F.3d at 1211.  In making this determination, the court may use its "common sense." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995); *see also Roe v. Michelin North America, Inc.,* 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009) (finding that even *post-Lowery,* district courts need not "suspend reality or shelve common sense" when deciding whether the jurisdictional threshold has been met; court denied the plaintiff's motion to remand, applying "judicial experience and common sense" to find that the statutory amount was satisfied where "a dispute in which the wanton conduct of a large company result[ed] in a death").

21.     Where a plaintiff had pled the whole debt into issue, that debt can be considered as the amount in controversy. *See Mapp v. Deutsche Bank Nat'l Trust Co.,* No. 3:08-CV-695, 2009 U.S. Dist. LEXIS 100912, *17 (M.D. Ala., Oct. 28, 2009) (Watkins, J) (finding party's allegations of lack of standing and that assignment of a mortgage was "defective, void, or otherwise unenforceable" effectively pled whole debt into issue).  In *Mapp,* the Court noted that removal documents included the note and mortgage and that what appeared on those documents established "the fair market value of Mapp's property interest." *Id.* at *16.  Vanderbilt is submitting herewith the Retail Installment Contract-Security Agreement and Mortgage Deed which unambiguously establishes that the amount in controversy is in excess of $75,000.000.

22.     Respectfully, this case is distinguishable from declaratory or injunctive relief

---

3 Although *Lowery* was decided in a Class Action Fairness Act case, its holdings are not limited to that context. *See Constant v. Int'l House of Pancakes, Inc.,* 487 F.Supp.2d 1308 (N.D.Ala. 2007).

cases involving allegations of just wrongful foreclosure or attempts to halt foreclosure, as this case involves a claim that no mortgage should have been placed on Plaintiff's property. (Complaint, ¶¶7, 8, 13); *See, e.g., Horace v. LaSalle Bank Nat'l Ass'n,* No. 08-1019, 2009 U.S. Dist. LEXIS 12032, 2009 WL 426467, at *4 (M.D. Ala. Feb. 17, 2009) (Thompson, J.) (the entire value of the mortgage is not at issue because Horace did not claim that there is no mortgage on her property or that her property should be wholly free from encumbrance; in other words, the only damages sought are for wrongful conduct in procuring the mortgage); *Sanders v. Homecomings Fin., LLC,* No. 2:08-CV-369-MEF, 2009 U.S. Dist. LEXIS 42102, 2009 WL 1151868, at *9-10 (M.D. Ala. April 29, 2009) (Fuller, M.) (amount of mortgage not an issue with respect to first seven counts and value of injunctive relief would be equity in home); *James v. U.S. Bank, Nat'l Assoc.,* No. 3:09cv247-MHT, 2009 U.S. Dist. LEXIS 61142, 2009 WL 2170045, at *5-6 (M.D. Ala. July 17, 2009) (Thompson, J.) ("Crucially, however, the plaintiffs do not challenge the validity of the mortgage *in its entirety;* they merely assert that the ['|entity seeking foreclosure is not the owner of their debt . . . .[']"). In the case *sub judice,* the Plaintiff claims that no mortgage should have been on her property and is challenging the validity of the mortgage *in its entirety.* Therefore, since the Plaintiff claims, among other things, that the "mortgage agreement purports to show Plaintiff's signature" which the Plaintiff denies is her signature as she did not "sign any mortgage documents with Defendant" (Complaint, ¶¶7, 8, 13, Counts One, Three and Four), the entire value of the mortgage, that is, the validity of the mortgage *in its entirety,* is at issue.

## IV.  Jurisdictional Requirements

23.      There is complete diversity of citizenship between Plaintiff and Vanderbilt, and

given that the amount in controversy exceeds the jurisdictional amount, this Court has original

jurisdiction over Plaintiff's claims.  See 28 U.S.C. § 1332(a)(1).  To the extent this Court lacks

original jurisdiction over any of Plaintiff's claims, this Court has supplemental jurisdiction over

said claims, because the claims form part of the same "case or controversy" as the claims within

this Court's jurisdiction.  *See* 28 U.S.C. § 1367(a); *see also Shanaghan v. Cahill*, 58 F.3d 106,

109 (4th Cir. 1995).

     24.     This case is a civil action within the meaning of the Acts of Congress relating to

the removal of cases.

     25.     The defendant named herein has heretofore sought no similar relief.

     26.     Written notice of the filing of this notice of removal has been served upon the

Plaintiff through counsel of record.  A copy of this notice of removal will be filed promptly with

the Clerk of the Circuit Court of Tallapoosa County, Alexander City Division, Alabama.

     27.     Based on the preceding, this action is properly removable to the federal court in

accordance with 28 U.S.C. § 1441(a).

     28.     The time within which defendant is required to answer or respond to the

Complaint in state court has not expired.  (Ex. B, ¶ 4).

     29.     Pursuant to Rule 81(c) of the *Federal Rules of Civil Procedure*, the defendant will

answer and/or present other defenses or objections to the complaint.

     30.     The defendant reserves the right to amend the notice of removal.

**WHEREFORE, PREMISES CONSIDERED**, Vanderbilt, desiring to remove this

cause to the United States District Court for the Middle District of Alabama, Eastern Division,

prays that the filing of this Notice of Removal, the written notice thereof to Plaintiff, and the

filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Tallapoosa

County, Alexander City Division, Alabama, shall effect the removal of said cause to this Court

and this Court will take jurisdiction of this action and issue all necessary orders and process to

remove this action from the Circuit Court of Tallapoosa County, Alexander City Division,

Alabama to this Honorable Court.

Respectfully submitted,

RITCHEY, SIMPSON
GLICK & BURFORD, PLLC

W. Scott Simpson, Esquire    {ASB-3319-S65W}
Gregory S. Ritchey, Esquire   {ASB-8193-H68G}
Counsel for Vanderbilt Mortgage and Finance, Inc.

**OF COUNSEL:**
RITCHEY, SIMPSON, GLICK & BURFORD, PLLC
The Mountain Brook Center
2700 Highway 280, Suite 203W
Birmingham, Alabama 35223-2468
Phone:        205.876.1600
Facsimile     205.876.1616

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 5th day of May, 2010, I filed the foregoing with the Clerk of Court who will send notification of the foregoing upon the following and/or by placing a copy of same in the United States Mail, postage prepaid, on the above date and addressed to the following:

Jason M. Jackson, Esquire
Radney, Radney & Jackson, LLC
P. O. Box 819
Alexander City, AL 35011
Telephone: 256.234.2547
Facsimile: 256.234.7871

OF COUNSEL

9