

ELECTRONICALLY FILED
4/8/2010 1:07 PM
CV-2010-900022.00
CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
FRANK LUCAS, CLERK

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
ALEXANDER CITY DIVISION

| | | |
|---|---|---|
| ELIZABETH LANEY | ) | |
| | ) | |
| v. | ) | CV-2010-xxxx |
| | ) | |
| VANDERBILT MORTGAGE and FINANCE, INC.; FICTITIOUS DEFENDANT A, B, C, and D thereby intending to refer to an individual or business entity who acted in one or more of the Counts listed in this Complaint. | ) ) ) ) ) ) ) | |

## COMPLAINT

COMES NOW, Plaintiff Elizabeth Laney, by and through her attorney of record, Jason M. Jackson, and hereby states the following facts upon which she requests that appropriate relief be granted:

1.    Plaintiff Elizabeth Laney is and at all times mentioned herein a resident of Tallapoosa County and Alexander City, Alabama.

2.    Defendant Vanderbilt Mortgage and Finance, Inc. is a business entity that is incorporated and has a principle place of business in the State of Tennessee. The physical address of the principle office is 500 Alcoa Trail, Maryville, Tennessee 37804.

3.    Fictitious Defendants A, through D, are those individuals, business entities, or partnerships who are unknown at this time, but will be added by amendment when ascertained.

4.    Plaintiff has owned real property at or around 3389 Coley Creek Road, Alexander City, Tallapoosa County, Alabama, since March 17, 1984.

5. Austin Hill and Emma Hill purchased a CMH manufactured home (hereinafter "home"), serial number CLA055018TNAB, from LUV Homes in Anniston, Alabama, in anticipation of being placed on Plaintiff's Coley Creek Road property.

6. Sometime on or around December 3, 2005, Plaintiff executed a *Property Owners Agreement* with Defendant allowing the home to be placed on Plaintiff's Coley Creek Road property.

7. Sometime on or around December 3, 2005, a mortgage agreement was executed against Plaintiff's Coley Creek property to secure the payment of indebtedness in the amount of seventy-seven thousand, seven-hundred three and 00/100 dollars ($77,703.00) for Austin Hill's and Emma Hill's installment contract with LUV Homes for the purchase of the home. The mortgage agreement purports to show Plaintiff's signature.

8. Plaintiff specifically stated to Defendant that she did not wish to sign a mortgage and knows that she did not sign any mortgage documents with Defendant.

9. Defendant has foreclosed on Plaintiff's Coley Creek Road property.

## COUNT ONE
### (FRAUD)

10. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 10 above.

11. Plaintiff specifically stated to Defendant that she did not wish to sign any mortgage documents.

12. Plaintiff relied on Defendant's representation that no mortgage would be executed against her Coley Creek Road property.

13. Sometime on or around December 3, 2005, a mortgage agreement was executed against Plaintiff's Coley Creek property to secure the payment of indebtedness in the amount of seventy-seven thousand, seven-hundred three and 00/100 dollars ($77,703.00) for Austin Hill's and Emma Hill's installment contract with LUV Homes for the purchase of the home. The mortgage agreement purports to show Plaintiff's signature.

14. Because of Defendant's fraud and misrepresentation, a foreclosure proceeding was instituted against Plaintiff's Coley Creek Road property.

15. Therefore, the fraudulent actions of Defendants, and any fictitious defendants, have caused Plaintiff to suffer the loss, use, and enjoyment of her property.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment be entered against the Defendant, and any fictitious defendants, for the fraudulent actions which have caused Plaintiff to suffer damages.

## COUNT TWO
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

16. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 15 above.

17. The Defendant intended to inflict emotional distress upon Plaintiff by attaching a mortgage to the Coley Creek Road property or the Defendant knew or should have know that emotional distress was likely to result from their conduct.

18. The Defendant's conduct in causing a mortgage to be attached to Plaintiff's Coley Creek Road property was extreme and outrageous.

19. The Defendant's conduct in causing a mortgage to be attached to Plaintiff's Coley Creek Road property caused the Plaintiff to experience severe distress.

20. Therefore, the actions of Defendant, and any fictitious defendants, were an intentional infliction of emotional distress upon Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment be entered against the Defendant, and any fictitious defendants, for intentionally inflicting emotional distress which have caused the Plaintiff to suffer damages.

## COUNT THREE
## (CONVERSION)

21. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 20 above.

22. The execution of a mortgage and initiation of a foreclosure proceeding by Defendant against Plaintiff's Coley Creek Road property without the consent of Plaintiff constituted a wrongful taking.

23. The execution of a mortgage and initiation of a foreclosure proceeding by Defendant against Plaintiff's Coley Creek Road property without the consent of Plaintiff constituted an illegal assumption of an ownership interest in Plaintiff's property.

24. The execution of a mortgage and initiation of a foreclosure proceeding by Defendant against Plaintiff's Coley Creek Road property without the consent of Plaintiff constituted an illegal use or misuse of Plaintiff's property.

25. The execution of a mortgage and initiation of a foreclosure proceeding by Defendant against Plaintiff's Coley Creek Road property without the consent of Plaintiff constituted a wrongful interference with Plaintiff's property.

26. Therefore, the actions of Defendant, and any fictitious defendants, resulted in the conversion of Plaintiff's property.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment be entered against the Defendant, and any fictitious defendants, for taking actions which caused the conversion of Plaintiff's property that resulted in Plaintiff's damages.

## COUNT FOUR
## (NEGLIGENCE)

27.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 26 above.

28.     Defendant owed a duty to Plaintiff in any agreements, discussions, and negotiations concerning Plaintiff's Coley Creek Road property.

29.     Defendant breached their duty owed to Plaintiff by executing a mortgage instrument against Plaintiff's Coley Creek Road property and instituting a foreclosure proceeding against said property.

30.     Defendant's breach of their duty owed to Plaintiff actually and proximately caused Plaintiff to suffer damages.

31.     Defendant actually and proximately caused Plaintiff to suffer the use and enjoyment of her property.

32.     Therefore, the actions of Defendant, and any fictitious defendants, were negligent against Plaintiff and caused Plaintiff to suffer damages relating to her property.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment be entered against the Defendant, and any fictitious defendants, for taking negligent actions which caused Plaintiff to suffer damages relating to her property.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment be entered against the Defendant in a sum that exceeds the minimum jurisdictional limits of this Court, together with interest, attorney's fees and the cost of this action.

Respectfully submitted this the 8th day of April, 2010.

/s/ Jason M. Jackson
Jason M. Jackson (JAC083)
Attorney for Plaintiff
Radney, Radney & Jackson, LLC
P.O. Box 819
Alexander City, AL 35011
(256) 234-2547
(256) 234-7871 (facsimile)